IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JEREMY JOHN BRAULICK, | CV 19-70-H-DLC-JTJ |
| Plaintiff, | |
| vs. | ORDER |
| STEVE BULLOCK, et al., | |
| Defendants. | |

United States Magistrate Judge John T. Johnston entered his Order and Findings and Recommendation in this § 1983 case on April 7, 2020.   (Doc. 5.) He recommended that the Court: (1) deny Plaintiff Jeremy John Braulick's Motion for Preliminary Injunction and Temporary Restraining Order; and (2) dismiss this matter for failure to state a claim.   (Doc. 5.)

Following multiple extensions, Braulick filed his objections to Judge Johnston's Findings and Recommendations.   (Doc. 15.)   Consequently, he is entitled to de novo review of those findings and recommendations to which he has specifically objected.   28 U.S.C. § 636(b)(1)(C).   Absent objection, this Court reviews findings and recommendations for clear error.   *United States v. Reyna-*

–1–

*Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *Thomas v. Arn*, 474 U.S. 140, 149 (1985).    Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed."    *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

Braulick has brought a claim for denial of adequate medical care, claiming that he suffered injuries cognizable under § 1983 at both the Crossroads Correctional Center and the Montana State Prison.    Judge Johnston recommended dismissing his complaint in its entirety.

First, Judge Johnston determined that the statute of limitations had run on all claims arising prior to October 4, 2016.    Because Braulick left Crossroads Corrections prior to that date, Judge Johnston recommended dismissal of claims arising during his custody in that facility, including all claims against defendants CoreCivic, Douglas Fender, Acel Thacker, Christopher Rost, Heather Sand, Kyle Nasreen, Joseph Berdecia, Martha Dobbins-Odegard, and William Pearson. (Doc. 5 at 9.)

Second, Judge Johnston analyzed the merits of Braulick's claims arising after October 4, 2016.    He concluded that Braulick failed to plausibly allege deliberate indifference to his medical needs, as required under § 1983.    Because Braulick timely objected as to both issues, the Court considers each in turn.

–2–

## I.     Applicable Statute of Limitations

Judge Johnston determined that a three-year statute of limitations applies to Braulick's claims.    The applicable statute of limitations for § 1983 actions is that which would apply under state law.    *Wilson v. Garcia*, 471 U.S. 261, 280 (1985). Montana's statute of limitations for personal injury actions is three years.    Mont. Code Ann. § 27-2-204(1).    Because Braulick filed his Complaint in this matter on October 4, 2019, Judge Johnston concluded that all claims arising prior to October 4, 2016 are time-barred, necessitating the dismissal of all claims arising from his time at Crossroads Corrections in Shelby, Montana.

Braulick makes several arguments regarding the statute of limitations. First, he argues that the applicable statute of limitations is five years because his claims are for medical malpractice.    Second, he contends that his claims did not accrue prior to October 4, 2016 because he was not aware of the facts giving rise to his claim or, relatedly, because his injuries were ongoing.    Third and finally, he claims that the statute was tolled by an earlier lawsuit.

The Court overrules Braulick's objections as to the statute of limitations. Braulick brought his claims under § 1983, and they are not claims for medical malpractice.    "Because '§ 1983 claims are best characterized as personal injury actions,' . . . a State's personal injury statute of limitations should be applied to all

–3–

§ 1983 claims."   *Owens v. Okure*, 488 U.S. 235, 240–241 (1989) (quoting *Wilson*,

471 U.S. at 280); *see Blackburn v. Blue Mountain Women's Clinic*, 951 P.2d 1, 14

(Mont. 1997).   Thus, Montana's three-year statute of limitations governing

personal injury actions applies.   Mont. Code Ann. § 27-2-204(1).   What is more,

the three-year statute of limitations is more generous than the statute applicable to

medical malpractice actions, which allows only two years from the date of injury

or discovery, not to exceed five years.   Mont. Code Ann. § 27-2-205(1).

Braulick argues that the statute did not begin to run prior to October 4, 2016

because he was not aware of his alleged injuries until after this date.   It is true

that, in Montana, "under the 'discovery rule,' . . . the limitations period does not

begin to run when the facts constituting a claim or cause of action for personal

injury are, by their nature, concealed or self-concealing, until the injured party has

discovered the facts constituting the claim or, with due diligence, should have

discovered those facts."   *Gomez v. Montana*, 975 P.2d 1258, 1260 (Mont. 1999).

Assuming that the discovery rule could apply to Braulick's claims, it is

nonetheless clear that Braulick is not entitled to its application in this instance.

As is required prior to bringing a § 1983 action, Braulick exhausted administrative

remedies by raising the same claims to prison administrators.   The record

unequivocally demonstrates that Braulick was aware of his potential claims before

–4–

he left Crossroads Correctional Center, as he filed any number of complaints (or "kites") with the administration.   Any claim arising from Braulick's time at Crossroads Corrections accrued prior to October 4, 2016, and Braulick cannot extend the date from which the statute began to run on the grounds of a continuing or undiscovered injury.

Braulick's third argument requires somewhat more consideration, but it is unsuccessful nonetheless.   On November 3, 2017, Braulick filed a § 1983 action against various defendants.   *Braulick v. Corrections Corp. of Am.*, No. 4:17-cv-122-JTJ.   Relevant here, he alleged that Crossroads Correctional Center in Shelby, Montana and its employees were liable for failure to adequately treat his hypothyroidism.

Braulick's previous case proceeded to trial in February 2020.   However, he did not fully litigate the relevant claims in that proceeding.   Rather, following the issuance of a Findings and Recommendation, in which Judge Johnston recommended dismissal of the claims, Braulick moved to dismiss the claims to "avoid having them dismissed with prejudice," writing that "[b]ecause [his] health issue is ongoing and he filed an injunction with his complaint the statute of limitations shouldn't be affected so he should be able to bring these counts up again later . . . ."   *Braulick*, No, 4:17-cv-122-JTJ (Docs. 6 & 16).

–5–

Braulick states that Judge Johnston "found [the relevant claims] to not state a claim" and that Judge Johnston would not give Braulick enough time to [a]mend it," necessitating Braulick's voluntary dismissal of those claims.   (Doc. 15 at 5.) He goes on to allege that, "by the time he tried to reopen [those claims], [Judge Johnston] said it was too late but that he could re-file this claim in a whole new lawsuit."   (Doc. 15 at 5.)   Braulick is correct, but the Court notes that Judge Johnston made no representations regarding the statute of limitations.   *See Braulick*, No. 4:17-cv-122-JTJ (Doc. 55).

Braulick is mistaken that the statute of limitations was tolled while he litigated the other case.   Montana law provides that the statute of limitations can be tolled by litigation under some circumstances, but tolling does not occur in the event of voluntary dismissal.   The operative statute reads:   "If an action is commenced within the time limited for the action and . . . the action is terminated in *any other manner than by a voluntary discontinuance*, . . . the plaintiff . . . may commence a new action for the same cause after the expiration of the time limited and within 1 year after a . . . termination."   Mont. Code Ann. § 27-2-407 (emphasis added).   The Court notes, too, that Judge Johnston entered his order dismissing without prejudice the relevant claims on July 27, 2018, well over a year

–6–

before Braulick filed the present lawsuit.    Thus, even if Braulick's prior claims

had not been voluntarily terminated, the tolling provision would not apply here.

## II.    Deliberate Indifference

Judge Johnston determined that, to the extent that Braulick's claims were not

time-barred, he failed to state claim upon which relief could be granted.    Braulick

argues that "prison medical staff have intentionally denied [and] delayed his access

to medical care by not doing medical tests in the time frame they were

recommended to be done in and they have not done blood tests once ordered or

recommended to be done by a doctor[,] i.e. failed to carry out a physician[']s

orders [and] recommendations."    (Doc. 15 at 7.)

Braulick's claims alleging denial of adequate medical care arise under the

Eighth Amendment's proscription against "cruel and unusual punishment," which

was made applicable to the states by the Fourteenth Amendment.    *Estelle v.*

*Gamble*, 429 U.S. 97, 101 (1976).    The standard applied is that of "deliberate

indifference to [a prisoner's] serious medical needs."    *Id.* at 104.    It does not

include "inadvertent failure" or "negligen[ce]."    *Id.* at 105–06.    Nor does it

include a difference of opinion on "a matter for medical judgment," such as "[a]

medical decision not to order an X-ray, or like measures," which is, "[a]t most[,]

. . . medical malpractice."    *Id.* at 107.

–7–

Reviewing de novo, the Court adopts the recommendation to dismiss

Braulick's complaint for failure to state a claim.    Braulick claims that prison

doctors and staff have shown deliberate indifference to his medical needs by their

failure to treat his hypothyroidism.[1]    But he has seen multiple providers, including

an endocrinologist, and he has had an MRI and an ultrasound.    (*See, e.g.*, Docs. 2-

5 at 14–15, 46, 50–52, 54; 2–6 at 11; 2-7 at 2, 4, 11, 13–16.)    He has been

prescribed prescription medications used to treat hypothyroidism, and his

medication levels have been adjusted.    (*See* Docs. 2-5 at 16; 2–6 at 1, 12.)    He

has had blood work run numerous times, and his providers analyzed his results

frequently.    (*See, e.g.*, Docs. 2–6 at 29–32, 33; 2–7 at 3, 8, 12, 17, 21–22, 33; 2–8

at 2, 14–15, 21–22.)

Braulick has alleged only that he disagrees with his treating providers'

medical opinions, and these allegations are inconsistent with a finding of deliberate

indifference.    *See Franklin v. State of Or. State Welfare Div.*, 662 F.2d 1337,

1344 (9th Cir. 1981).    An endocrinologist examined Braulick, reviewed the

diagnostic tests, and determined that Braulick's treatment regimen was appropriate

and that the clinical indicators suggested that his medications were working

---

[1]  As Braulick points out, his condition is erroneously referred to as "hyperthyroidism" at one
point in the Findings and Recommendation.    (Doc. 5 at 3.)   The mistake is a mere scrivener's
error, which does not affect the analysis but rather demonstrates why legal experts should not be
called upon to second-guess medical decisions.

properly and had been appropriately dosed.    (Doc. 2-7 at 4–6.)    It appears that

Braulick wants to have no symptoms consistent with hypothyroidism, a remedy

that the Court cannot guarantee.    His objections are overruled.

The Court finds no clear error in the remainder of the Findings and

Recommendation.

Accordingly, IT IS ORDERED that:

(1) Judge Johnston's Findings and Recommendation (Doc. 5) is ADOPTED
    in full;

(2) Braulick's Motion for Preliminary Injunction and Temporary Restraining
    Order (Doc. 4) is DENIED and this matter is DISMISSED for failure to
    state a claim;

(3) The Clerk of Court shall close this matter and enter judgment pursuant to
    Rule 58 of the Federal Rules of Civil Procedure;

(4) The Clerk of Court shall have the docket reflect that the Court certifies
    pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure
    that any appeal of this decision would not be taken in good faith; and

(5) The Clerk of Court shall have the docket reflect that this dismissal counts
    as a strike pursuant to 28 U.S.C. § 1915(g).

DATED this 22nd day of July, 2020.

Dana L. Christensen, District Judge
United States District Court